UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

MONTEZ L. FULLER,           )
                            )
            Petitioner,     )
    vs.                     )    No. 2:13-cv-267-WTL-WGH
                            )
J.F. CARAWAY,               )
                            )
            Respondent.     )

**Entry and Order Dismissing Action**

**I.**

Montez Fuller seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). He challenges the validity of his convictions for bank robbery and firearms offenses in the United States District Court for the Southern District of Illinois.

The circumstances under which a challenge of this nature may be made are limited. "A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)).

The pleadings and the expanded record in this case show the following:

1. Fuller's convictions were affirmed on appeal in *United States v. Fuller*, 306 Fed.Appx. 297 (7th Cir. 2009).

2. Fuller's motion for relief pursuant to 28 U.S.C. § 2255 was denied. *Fuller v. United States*, 2012 WL 1866863 (S.D.Ill. 2012).

3. Fuller challenges his convictions based on the Supreme Court's recent decision in *Alleyne v. United States,* 133 S. Ct. 2151 (2013). In *Alleyne* the Supreme Court overruled *Harris v. United States,* 536 U.S. 545 (2002), and found that the Sixth Amendment rights recognized in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), also apply to facts triggering a mandatory minimum sentence.

4. A remedy via § 2255 is "inadequate or ineffective to test the legality of [the] detention" when a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence. *In re Davenport*, 147 F.3d 605 (7th Cir. 1998). "Every court that has addressed the matter has held that § 2255 is "inadequate or ineffective" only when a structural problem in § 2255 forecloses even one round of effective collateral review--and then only when . . . the claim being foreclosed is one of actual innocence. *Taylor v. Gilkey,* 314 F.3d 832, 835-36 (7th Cir. 2002)(citing cases).

5. Fuller is not entitled to make an *Alleyne* argument here, nor would such an argument aid him.

    a. The Supreme Court has not made *Alleyne* retroactive to cases on collateral review. *See Simpson v. United States,* 721 F.3d 875, 876 (7th Cir. 2013). Nor has the Seventh Circuit Court of Appeals done so. *Alleyne* is an extension of *Apprendi v. New Jersey,* 530 U.S. 466 (2000), which has not been held to apply retroactively to cases on collateral review. It is doubtful, therefore, whether *Alleyne* could apply to Fuller's case.

    b. There is clearly no structural deficiency in 28 U.S.C. § 2255 which would foreclose that statute from providing an available and effective remedy for a claim pursuant to *Alleyne*. It is true that Fuller cannot utilize that remedy, but a petitioner cannot show that a motion under § 2255 is "ineffective" simply because that remedy is no longer available, either because the deadline for filing such a motion has passed or because petitioner filed a previous motion under § 2255 and cannot satisfy the requirements for filing a second motion under § 2255(h). *Unthank v. Jett,* 549 F.3d 534, 535-36 (7th Cir. 2008) (rejecting argument that "whenever § 2255(h) closes the door to a renewed challenge under § 2255, then § 2255(e) must open the door to a challenge under § 2241"); *Morales v. Bezy,* 499 F.3d 668, 672 (7th Cir. 2007) ("A prisoner cannot be permitted to lever his way into section 2241 by making his section 2255 remedy inadequate."); *Garza v. Lappin,* 253 F.3d 918, 922 (7th Cir. 2001)("The mere fact that

Garza's petition would be barred as a successive petition under § 2255, however, is not enough to bring the petition under § 2255's savings clause; otherwise, the careful structure Congress has created to avoid repetitive filings would mean little or nothing."); *In re Davenport,* 147 F.3d 605, 608 (7th Cir. 1998) (rejecting the argument that "when the new limitations [on second or successive motions] prevent the prisoner from obtaining relief under 2255, his remedy under that section is inadequate and he may turn to 2241," with this explanation: "That can't be right; it would nullify the limitations.").

c. Apart from the foregoing, controlling and persuasive authority dictates that the savings clause embodied in § 2255(e) requires a claim of actual innocence directed to the underlying conviction, not merely the sentence. *See, e.g., Unthank,* 549 F.3d 536 ("[The petitioner] does [not] claim to be innocent of the current crime. He says only that his sentence is too high, and as we [previously] explained[,] . . . this differs from a claim that he is innocent of the crime of which he was convicted."); *Stephens v. Herrera,* 464 F.3d 895, 898–99 (9th Cir. 2006) (holding that the petitioner did not qualify for the savings clause because he did not claim to be actually innocent, even though he satisfied the second § 2255(e) requirement because his claim was based on an intervening change in law that did not become available until twelve years after his conviction); *Padilla v. United States,* 416 F.3d 424, 427 (5th Cir. 2005) ("[B]ecause [the petitioner] does not attack his conviction and his claim challenges only the validity of his sentence, [the petitioner's] § 2241 petition does not fall within the savings clause of § 2255 . . . ."); *Poindexter v. Nash,* 333 F.3d 372, 382 (2nd Cir. 2003) ("[W]hatever the merit of the contention that the Guidelines were misapplied in the treatment of [the petitioner's] three undisputed prior convictions, his claim that the three crimes should have been treated as one crime is not cognizable as a claim of actual innocence."); *Okereke v. United States,* 307 F.3d 117, 120–21 (3rd Cir. 2002) (the petitioner did not qualify for the savings clause because his claim related only to his sentence and not his underlying conviction); *United States v. Peterman,* 249 F.3d 458, 462 (6th Cir. 2001) ("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because . . . [they] do not argue innocence but instead challenge their sentences.").

5. "In general, '§ 2255 is the exclusive means for a federal prisoner to attack his conviction' or sentence." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012)(citing *Kramer v. Olson,* 347 F.3d 214, 217 (7th Cir. 2003)). "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000). It is the inefficacy of the remedy, not the personal inability of the petitioner to utilize it, that is determinative. *Garris v. Lindsay,* 794 F.2d 722, 727 (D.C.Cir. 1986). Fuller has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. The savings clause of § 28 U.S.C. § 2255(e) is thus not available to him for that purpose. His petition for a writ of habeas corpus is **denied**.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 11/26/2013

Distribution:

Montez L. Fuller
07615-025
Terre Haute USP
P.O. Box 33
Terre Haute, IN 47808

Electronically Registered Counsel

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana